Thank you, and good morning, Your Honors, and may it please the Court, there are two different. And could you state your name for the record, please? Excuse me, Charles Russell, on behalf of the Plaintiff Appellants. There are two different issues that are both presented in this appeal. The first involves the application of California's overtime laws to overtime work performed within the State of California. That's the issue that raises the conflict analysis. The second issue is the application of California's unfair competition law to work that's performed outside of California, when the decision to classify that position as exempt, and therefore not pay overtime, occurred primarily in California. You're contending, then, that somebody who works more than 40 hours in Arizona or Colorado is to be compensated under the California law? No, quite the contrary, Your Honor. Under the second analysis, the issue is whether someone worked more than 40 hours in Arizona, using your example, should be paid overtime under Federal law, the FLSA, which would serve as a predicate for California's unfair competition law. If the FLSA was violated because that person was not paid overtime, that would be an illegal act that would give rise to an unfair competition claim in California, because the illegality, the wrongful conduct, is the decision not to pay overtime, which, in this case, occurred in California by a California corporation. And a straight FLSA suit couldn't be brought in California to vindicate an entitlement to overtime hours in Colorado or Arizona? Well, this lawsuit is the remainder of a case that's already been settled. Prior litigation involved the FLSA claims. That lawsuit was pending in front of Judge Stadler and was settled and resolved. I've been having some difficulty figuring out what that settlement entailed, what was released and what was retained. Excuse me, Your Honor. That settlement did release certain FLSA claims and certain California law claims by California residents under California law, and that settlement specifically carved out and preserved these two additional claims. The parties had a difference of agreement as to whether there was any viability of these claims, so we specifically carved them out to preserve them for a second lawsuit. I must be awfully dense, but you're saying that there were certain FLSA claims that were settled and others that were preserved? To be clear, all the FLSA claims were settled. The only claims that were preserved were the claims these people would have under California's unfair competition law predicated on a violation of the FLSA. And there you – there I'm lost. The simplest explanation is the FLSA provided recovery for three years. The unfair competition law would give them an additional one year of recovery. They settled the first three years. They preserved their fourth year right. I'm pursuing the same line of questioning as Judge Pollack. This will slide over, of course, into the conflict analysis, but for the moment, just help me understand your substantive theory under California's unfair competition law. What's unfair? I mean, just lead me through the cause of action as you understand it. Sure. California's unfair competition law uses other laws as predicate violations. What the law says is if a business in California breaks the law somehow, that business is competing unfairly. So in order to find out whether the unfair competition law has been violated, we have to first look to see if another statute has been violated. The predicate that we're using here for the unfair competition law cause of action is the FLSA, 29 U.S.C. 201. And the violation that you're premising this on is working these people overtime without paying them overtime? Exactly. And then how is that then unfair competition with an impact on California? Well, if a California corporation is violating federal law, and the decision to violate federal law occurred in California, then other businesses in California that are complying with federal law would be at an unfair disadvantage competitively. And do you have to point, under the California statute here at issue, do you have to point me to particular corporations that are, in fact, being harmed by this activity, assuming that it is harming them? No. The unfair competition law used to be a very broad law that gave standing to anyone whatsoever to file a lawsuit to vindicate competition rights. It's since been amended by the voter initiative in California to limit that standing requirement. Only now those people who are injured monetarily by the illegal conduct have standing to then pursue the unfair competition claim. And you're suing under that revised version, correct? That's right. These plaintiffs have lost money overtime, so they have a financial state which would give them standing to pursue this unfair competition. And under the current statute, or the current construction of the statute, standing applies not only to – is available not only to injured competitors, but also to people who claim that they were paid less money? Exactly. Anyone who's injured by the illegal conduct and lost money as a result of it, whether they're a competitor or simply the victim of the illegal conduct, to use a – And is your theory – now, I'm still talking unfair competition under California law. Is your theory one that, let's say that these people were working in Arizona, only in Arizona. They were employed per week more than 40 hours. They weren't paid overtime. In other words, the federal statute is violated. They're employed by a California corporation. Is that enough, in your view, to give you a cause of action here in California under the California unfair competition law? No. I think both Norwest and Worship have made clear that simply being employed by a California corporation is not enough. You need some illegal conduct occurring in California that would then emanate from California to cause you injury elsewhere. And I don't think we can argue that employment is enough. And what's the illegal conduct that you're now alleging under the – under your unfair competition cause of action? Oracle's decision to classify the position as exempt, the decision not to pay overtime. We have stipulated facts. But if that's your definition of – or your contention that the illegal conduct, why is it necessary that some of the work be performed in California? Under the unfair competition section, there is no requirement that any of the work be performed in California. Well, then maybe you and I were at cross purposes. Because my hypothetical was, let's have an employee of the Oracle corporation who works full time in Arizona, works 50 hours a week in Arizona, is classified by Oracle as an employee to whom overtime is not paid. Turns out that's an incorrect classification under federal law. You're saying that that person, because of this violation of federal law by a California corporation pursuant to a decision made in California, has a cause of action under California's unfair competition law? That's exactly right. Even though none of the work by this employee was performed in California? That's exactly right. It's the same facts as WIRSPA versus Apple Computer, where the consumers of Apple products were promised unlimited technical support. Do you have any California case law that tells you that the California unfair competition statute goes as far as that? I'm not even talking conflict of laws. I'm just asking you, do you have any case law that tells me that that's a cause of action under California law? Both NorWest and WIRSPA specifically state that California's unfair competition law does constitutionally apply extraterritorially if there is illegal conduct occurring in California. In fact, WIRSPA makes clear as long as some of the illegal conduct occurred in California and subject to a conflict analysis. And your view under that, under those cases, it's enough in this case that the illegal conduct was the decision made in California, even though all of the relevant employment took place outside of California? Yes, that's right. Because working overtime is not illegal or wrongful. The only conduct that occurred out of state is the employees working. There's nothing illegal or wrongful about that. The only wrongful conduct that occurs here is a failure to pay. And when you have a California corporation making the decision that they won't pay in California, then the only conduct you could conceivably call wrongful occurred in California. That's an interesting question. Where does something that didn't take place take place? That is to say, I didn't pay in California, I didn't pay in Arizona, but my act that didn't happen took place in California. Stated the other way, there's an affirmative burden placed on employers to pay. And that affirmative burden was violated when they didn't pay. And they made the decision, we're not going to pay, we're not going to satisfy that affirmative burden in California. At least the stipulated fact is primarily in California. Mr. Russell, I think you've told me that the difference between the Federal statute with respect to which the claims were released and the California provisions is that California goes back five years and the FLSA goes back just three years. Was that the difference? California's unfair competition law would allow a four-year recovery as a- Four years? Yes. So there's a year's advantage under the California law. So that if, to follow Judge Fletcher's hypothetical, we have somebody whose entire work takes place in Arizona and works 45 hours a week, week in and week out, for decades. That potential plaintiff is entitled to recover going back four years rather than three years by suing in a California court under the California unfair competition statute. Is that correct? That's correct. His remedy is limited to only restitution, which is all that the unfair competition law would provide. And why does California – what indication is there that California has that much interest in how long somebody labors in Arizona? Well, California's interest is in ensuring that California businesses comply with all the laws that other California businesses are required to comply with. California, in my opinion, would not have an interest in the work performed in Arizona. But California certainly has an interest in the illegal conduct that occurred in California when a California company decides that it's going to violate Federal law. So California has an interest in preserving competition among other California businesses. That's the purpose of the law. Standing is conferred on people who suffer an injury. There's no Federal interest in this lawsuit. Only a California interest in seeing to it that that extra labor in Arizona is compensated. And that's all predicated on the fact that the defendant either deliberately or inadvertently – I don't know which – misclassified its employees. That's right. There's certainly no – That's absolutely right. There's no Federal interest that would preclude recovery of this additional year. There's no interest the Federal Government has stated in ensuring that employees can't recover for an additional year. The FLSA at 29 U.S.C. Section 218 specifically provides that states can provide greater protections than what's provided under the FLSA, which would certainly include an additional year. Initially, I thought that you're – the emphasis was on the federal government and the emphasis of your case was on persons coming into California and working overtime. And it seemed to me there when one had fairly substantial indication of California's interest in protecting them. And it struck me that the defendant's brief was all couched in those terms, talked about business travelers coming into California and whatnot. But you're now talking about a scope for the California statute that gives me a surprising sense of California's paternal interest. Just to be clear – I mean, I know California's an empire, but – And I certainly don't want to make California the world's policeman here either. We are talking about specific conduct that occurred in California. And as Your Honor pointed out, this might have been an inadvertent mistake that occurred in California. That's what trial will decide. That's a fact that has not been determined yet, whether this conduct was illegal or wrongful. If it was, then that wrongful conduct occurred in California, for which California does have an interest. If it was not wrongful, then there was no illegal conduct that occurred in California. To Your Honor's first and main point, there are two very different and distinct issues that are presented in this case. So far, we've been only talking about the unfair competition laws application to work that takes place outside of California. The first issue, and probably the larger issue in the case, is does California's labor code, overtime laws, apply when foreign residents come into California and work overtime in California? And for that issue, we're only seeking a determination from the Court that California's state overtime regulatory scheme applies to overtime work entirely in California. Those employees are not seeking to have California's law apply no matter where they go or where they work or when they work. What they're seeking to have adjudicated is that when they come here and they work more than eight hours in a day here, that California's labor code affords them protections, labor code and the regulatory scheme. Let me ask you about that first cause of action. You just described the overtime at issue in that first cause of action as working more than eight hours in a single day. Do you also seek overtime compensation if they work more than 40 hours in a single week, but on any single day don't work more than eight hours? What we're seeking is if, to be very specific, if employees work overtime in California. Overtime in California is defined as eight hours, more than eight hours in a day. So if an employee works Let me rephrase that. So overtime under California law is not defined as working more than 40 hours in a week? It's both. Both eight hours in a day and or 40 in a week. Okay. So now here's what's bothering me. Here's where I want the precision. I understand the employee may be domiciled in Colorado, works 60 days out of the year in California, and for some of those days works nine hours. Okay. I've got that. What if the person works sometimes in Colorado, works sometimes in California, and during the course of the week works Monday, Tuesday, Wednesday in Colorado, Thursday, Friday, Saturday in California? And you're saying that if more than 40 hours are worked in that week, California applies, even though half that week was worked elsewhere or not? No, we're not seeking to say that. I see. Let's make it clear. So whenever you're making a claim for working more than 40 hours a week as a basis for your overtime claim, all of that work week was performed in California? Right. Okay. Only all of the overtime worked in California is what we're looking for. Okay. Partial days, partial weeks is not an issue here. I don't know that California has an interest in an employee. I just want to make clear what the boundaries of your claim are. Okay. Okay. And I'd like to reserve the remainder of my time for rebuttal. Fine. Thank you. Good morning, Your Honor. Paul Cain for Appellee Oracle Corporation. Let me start by answering Judge Fletcher's question about where something that didn't happen didn't happen. If there is an FLSA violation, it occurs when the paycheck, a non-compliant paycheck, is delivered to the employee who earned it. That was a when question, not a where question. Okay. I asked a where question, and you reported to answer me a where question. Well, it's both when and where, because the decision to classify an employee as exempt or non-exempt is not a wrongful act. If the employer happens to be wrong, it may be at peril later down the road. But that decision is not a wrongful act. The wrongful act occurs only later if that employee, in fact, does work overtime and a non-compliant paycheck is delivered. That non-compliant paycheck is delivered to the employee in Colorado or Arizona. And if it's short, there's a violation in Colorado or in Arizona. But the decision to classify or not classify is simply not something that the statute regulates. It's the delivery of the paycheck that the statute regulates. Well, no, the statute regulates whether or not somebody is or is not classified in a certain way, and you can violate the statute by misclassifying. Of course, there are certain things that then have to follow after that. But you may make a mistake under the statute if you misclassify. You're at risk under the statute, but you haven't violated the statute unless and until the non-compliant paycheck is delivered at the individual's place of employment. But isn't the point implicit in Judge Fletcher's question that California has an interest in seeing to it that its corporate managers handle things properly when they make decisions in California? California might not have that significant interest with respect to decisions that are made in Phoenix or Las Vegas. Well, it's Phoenix and Las Vegas where the paychecks are cut and delivered. I mean, the case is cited at page 36 and 37 of our brief. North Alaska Salmon, Churchill Village, both make clear that the unfair competition law doesn't reach out extraterritorially, and we suggest applying it extraterritorially to an employment relationship that's grounded in another state's law is an improper extension of it. Are you now directing yourself to the cause of action for persons who are claiming for overtime done outside of California? Or are you addressing also the claim for overtime in California? I'm addressing both, because... If you're addressing both, then I suggest to you that Norwest doesn't carry you to the case of those persons  It seems to me Norwest precisely distinguishes that situation from the claims of persons who are non-residents of California and whose overtime took place outside of California. Norwest, of course, was not an employment case. So let's talk about... But it's a case which your brief says is exactly in point. Incidentally, so does Mr. Russell's brief say it's exactly in point. It gives the case a dignity which I didn't think it deserved on either score, but that's my humble opinion. At least one of us is wrong, and maybe we both are. But let me talk about the employment relationship, because it's a basic principle of conflicts of laws that the law that governs an employment relationship is the place where the employment is principally based. Plaintiffs haven't cited any case from anywhere that has ever held that multiple states' laws regulate a business traveler, someone who goes about the country performing his job. Let me call to the Court's attention a pretty new case from the Washington Supreme Court. It's called Bostain, B-O-S-T-A-I-N, v. Food Express, and the citation is 159 Washington 2nd, 700. What's the date of that case? 2007. I don't have the month. It's a 2007 case. And you didn't give us a 28-J letter? I did not. I found it only yesterday, Your Honor, while trolling for any new authority I could find. And the citation again? 159 Washington 2nd, 700, 153 Pacific 3rd, 846. And have you alerted opposing counsel to that case? I did not. And why not? I just found it last night, Your Honor. But you were here this morning, and so was he. Well, I have no objection if you'd like to file a response after the alert. But if you're going to give us a case like that, as a matter of courtesy, it would be a good idea to make sure that he has had a chance to read the case before you stand up and talk to us about it. I'm sorry, Your Honor. May I summarize it briefly? Please. That case involved interstate truck drivers that were based in Washington State. Only 37 percent of the time of those drivers was actually spent in Washington State. The Washington Supreme Court said that, nevertheless, Washington wage hour applies to the entirety of the employment relationship because the employment relationship was grounded in the State of Washington. And the Court said that the company is not required to apply other states' law just because drivers leave the States. Other states' law with respect to what? I guess I missed something. With respect to wage hour. The contention there was that other states' law should apply to these Washington-based truck drivers in the course of their interstate travels. And the Washington Supreme Court said, no, Washington law governs the entirety of the relationship because that's where the relationship is grounded. And do we have any case law relevant directly to this case where we have, for example, Colorado saying or Arizona saying that it is contrary to Arizona law or California law, or excuse me, Arizona law or Colorado law, that California should apply its own overtime rules on eight-hour days to work performed entirely within California on that day? Each of those states has developed a body of wage hour law that differs substantially from California. I think the answer is no. Is the answer yes or no? I think I might have lost the question. The question is, do we have anything, are there any cases either in Arizona or Colorado or wherever else we may have domiciliary rates at issue in this case, where the case law in that state, Colorado, Arizona, or some other case says that it is the policy of Colorado law or Arizona law that any overtime worked in California cannot be compensated in accordance with California law? I think the answer is no. I don't think there's a case either way on that issue. Okay. In other words, Washington law seems to be different from at least what you know about Colorado and Arizona law. I don't think the contention has been advanced. Okay. But I do think other states have important interests. Arizona, for example, has decided to allow the parties the maximum amount of freedom of contract to contract for labor and services to the full extent that the parties desire as long as the FLSA is complied with. And Arizona has an interest in applying that principle to employees who have their principal place of business in Arizona, even if they happen to travel to other states. Let me get down to brass tacks with respect to the first cause of action, and that is to say the cause of action based on the California Labor Code. It's your contention that either the California Labor Code, because of the way it's written, does not apply to regulate overtime in excess of eight hours a day when worked in California, or even if it's written that way, it can't because of conflict of laws. That is to say, California law, whatever chain of reasoning, simply does not apply to overtime worked in California even when the entire day of nine or ten hours was worked in California. That's your contention? Yes. The threshold question is, is it conceivable that the California legislature intended to regulate business travelers when they passed through the state? I didn't ask that question. I'm not talking about business travelers passing through the state. I'm talking about people working in California for an entire day, and that work day is longer than eight hours. I'm not talking about business travelers passing through the state. Well, they are business travelers. They may not be in and out within the same day, but they are business travelers. In what way is that a helpful lexicon, business travelers? Judge Fletcher is asking about people who perform labor, and I don't much care whether you call them business travelers or commercial travelers or traveling salesmen, but they are people, though, and here engaged in some training activity or performing labor here in California. Now, it's true that they reside, I don't know, in the middle of Lake Tahoe or wherever, but they're not California residents. The question I think Judge Fletcher is asking is, on what basis there is for excluding them from coverage that California wishes to provide for people who work too long in California? Well, two answers, Your Honor. The first is, as the California Supreme Court said in the Tidewater case, California, of course, presumptively regulates the wage-hour rules applicable to residents of California who leave the state on business, but there's not any indication that the California legislature intended to do the opposite, which is regulate persons who render services in California for an employment relationship that's grounded elsewhere. And this really goes back to the ---- I have to say that's a rather approximate quotation from Tidewater. I didn't. I wasn't quoting it, Your Honor. I was ---- Well, you said that's what it said. I think that's a rather approximate summary of what it said. I apologize. I was doing the best I could from memory. Well, I'll remember it for you. What they're talking about is a case not in front of them, and they save out for discussion. We are not prepared with more thorough briefing on the issues to hold that wage orders of California apply to all employment in California, never to employment outside of California. And their specific reference in the previous sentence was non-resident employees entering California temporarily during the course of the workday. That's the question they saved out. The question they saved out was not someone who worked in California during the entire day for more than eight hours. Thank you. Counsel, Judge Gould, my question is, it seems like the crux is you have people working more than 40 hours in California for a California company, but those people are residents or domiciled out of the state. Am I stating it right? Is that the question, whether California has an interest in regulating conduct of that nature? It's whether California has the more important interest where a person domiciled elsewhere in California, whether it be a partial day, more than a full day, or a week. If you go back to the restatement of conflicts, Section 196 says that there should be one law that presumptively governs an employment relationship, and that should be the law of the state where the employment is principally based. We quoted that in our brief, perhaps not at as much length as I should have, but I do have it here, and I am quoting it directly. The rule of the section calls for the application of the local law of the state where the contract requires that the services or a major portion of the services be rendered. The place where the services or a major portion of the services are to be rendered will naturally loom large in the minds of the parties. Indeed, it can often be assumed that the parties, to the extent that they thought about the matter at all, would expect that the local law of the state or the services or a major portion of the services are to be rendered would be applied. The rule of the section furthers the choice of law values of certainty, predictability, and uniformity of result, and since the place where the contract requires that the services or a major portion of the services are to be rendered will be readily ascertainable. Now, the plaintiffs in their reply brief dismiss the significance of that. They say that's only the rule for contract claims, but that same restatement commentary, comment C, says that the state where the services mostly will be performed, quote, may have an overriding interest in the application of certain of its regulatory rules. So it's not just contract. It's regulatory as well. Kagan. But it doesn't specify which regulatory rules. The state in which the services or a principal, a major portion of the services are to be rendered. I understand. No, my question was the comment doesn't specify which regulatory rules. No, it does not. Now, let me ask you this. I passed over it as one of a couple of possible chains of reasoning. But let me go back and see if I can get you to be as specific as you can about what your contention is. Is it your contention that by its own terms, the California Labor Code does not apply to overtime work performed in California when someone works the entire day in California and works more than eight hours? Yes. So you're saying the statute simply does not apply. Our position is that you don't really get to a real conflicts analysis unless you first determine whether California intended to touch that and to depart from what I think is the restatements rule, that the law of the place where the principal portion of the services are rendered is the applicable rule. If, however, California did that, which we suggest it hasn't done, there's no indication that California intended to go that far, then you'd have to see which state had the more important interest. And even in that event, I suggest that the state with the more important interest is the state in which the employment is based. Mr. Kane, to push Judge Fletcher's question a little more, you were saying initially that the California legislature intended not to cover persons working more than 40 hours who happen to be domiciled not in California. Is that correct? My argument would be that we operate under the backdrop of the principles that the restatement articulated, and that if the California intended to create a different rule for California, it would have said so explicitly, which it did not do. But if you assume that California did attempt to assert its rule on persons who are temporarily working in the State, then I suggest that the State with the more important interest is the State in which the employment is based, because those States have their own priorities and own sets of criteria. That would be a California conflicts rule. Is that correct? That would be a California conflicts rule that would determine that the greater interest lay with Arizona or Colorado. Yes. I mean, it's not because the American Law Institute said it, but it's because the California conflicts jurisprudence would dictate that choice of law. Yes. Even if the California legislature had said, yes, we would provide coverage for nonresidents? Yes, because other States have important interests, as I was describing, including, as in Arizona's case, the decision not to have any non-FLSA regulation on overtime at all. And in providing job opportunities for Arizonans based in Arizona and companies based in Arizona, that State has an important interest in applying its rules to those employers and those employees who are grounded in other States. So a California judge, I don't know what case it is that you would rely on for this in choice of law terms, a California judge would decide that a California statute, which was contemplated as providing recovery for persons not domiciled in California but working in California, a California court would say, yes, but that legislative determination has to be qualified by our finding that California's regulatory interest with respect to somebody who's working in Colorado is diminished because Colorado has its own statute. But maybe you would have a different view about Arizona because Arizona doesn't have a statute. In addition, I think there are constitutional implications as well because of due process issues and Commerce Clause issues. Are you pushing the Commerce Clause, the dormant Commerce Clause contention, which I think was rejected by the Court below? Was it not? The Court did not ground its decision in that. But, yes, I think it applies because it has to be. Kennedy did not propose finding conclusions of law that were based on the Commerce Clause? Yes. And I don't know whether she just didn't want to ground her opinion in that or whether she disagreed with us on that. She did not say. But to illustrate the kinds of burdens that would be associated with practical burdens associated with this, you know, every State not only has its own wage hour law, it has its own pay stub law. And every State says what a pay stub needs to look like. And it really would impose enormous practical burdens if people going from one State to the next during the course of a week, whether it's the course of a day, the course of a week, the course of a two-week pay period, if the pay stubs of each State had to vary based on where somebody happened to travel during the course of that period. Mr. Russell, in response to Judge Fletcher, made it clear that he was not claiming that one would carve up a particular employment week where people worked in Colorado for four days and in California for two. So I got a feeling that the emphasis on the clerical difficulties was perhaps overstated. Well, I heard him say that here today, but that's not the position they've articulated previously. And, indeed, I don't know how you compute the time unless you do add the time spent in one place to the time spent in California. I mean, to take the case of the... Well, no, but that's you're clearly wrong, or at least you didn't listen. He said his claim is based upon days in which the entire day was worked in California and more than eight hours were worked. That's very easy to compute. What he said he was not claiming for, and you're saying this is the first time he's said it, which may be true, is as we're calculating whether there's a more than 40-hour week, if some of that week was worked outside the State. But he's disclaimed that. So what he's saying he's after, it's child's play to contemplate. In that case, my point would be that there has to be a rule of law that applies to all situations. And if his contention is that California law should apply in a certain subset of calculations but he doesn't have a good answer as to the practicalities and confusion engendered in a different set of facts that also involve interstate travel... Let me ask you this because your time is over and I'm apologizing for keeping you longer. As to the second cause of action, which we spent most of the time talking to him about... I think what's happening is we're spending most of our time with him on the cause of action we think is weakest and we're spending most of the time with you on the argument we think that you have that's weakest. Fair enough. But let's go after the argument that I think is his second one, that is to say the unfair competition law. Is it your position that, on the following hypothetical, that California unfair competition law would not apply? Let us imagine that your client is not Oracle but ABC Corporation. So even on my hypothetical, I don't want to be maligning a corporation. But the corporation we're now speaking of is paying bribes in foreign countries. And because of those bribes, it's getting contracts. Are you saying that the California unfair competition law does not apply to that because the bribes are paid in foreign countries and not paid in California? No, I don't think I would agree. I don't think I would disagree. I think California law could apply there. Okay. So why doesn't it apply here? We're not paying bribes, but the issue is money either paid or not paid, and entirely paid or not paid outside of the state of California, Arizona or whatever. The decision to pay or not pay the bribe is being made in California. The bribe is paid outside the state. The decision to pay or not be paid, the overtime is made in California. The pay or not pay is being made outside of California. So what's the difference between the two cases? The difference is that, at least as I understood your question, the decision to actually engage in an illegal act, the payment of a bribe, is made in California, and I think California could touch that. But as I said at the outset of the argument, the decision to classify somebody as exempt or non-exempt is not an illegal act. Oh, yeah, but even on your argument, you're saying that the illegal act is not complete until the failure to pay is made. But I think the allegation is, and it's a perfectly plausible one, that the decision to classify is made in California and the decision not to pay is made in California. The only act that's performed outside of California is the act of not paying. And where the work is performed. Well, I understand that, too, but I'm having trouble still seeing your distinction between the bribe case and the case we have in front of us. Because the employment relationship is grounded in the law of the State where the work is principally performed. The classification is just not an unlawful act. It just isn't an unlawful act. What is unlawful is the failure to pay overtime, and there's nothing in the stipulated facts about that. All the stipulated facts dealt with is the decision to classify. Thank you, Your Honor. Roberts. Thank you. Any further questions from the bench? Okay. Thank you. Just one point that I'd like to clarify. Mr. Cain discussed this idea that the employment relationship should be governed by the law of the State in which the employment principally occurs. And furthering this argument that Colorado's law should apply to work performed in California, or Arizona's lack of a law should apply to overtime work in California. And he cites to the restatement of conflicts for that proposition. And we pointed out in our reply brief that that restatement deals specifically with a contract issue. And the distinction is important not just because one is contract and one is not. A contract can specifically say where services or work is to be performed. So it's easier to decide under a contract setting whether work is performed in California or Colorado. And employment by statutory scheme relationship is quite different. The United States is an at-will employment country. Almost every jurisdiction in the U.S. is at-will. An employee can leave his employment at any time, just like an employer can terminate an employee at any time. So determining whether the employment occurred principally in California or Colorado is an after-the-fact hindsight activity. It's something that can only be done in litigation. It's not a rule that could ever be used by an employer in any practical setting. An employer has to pay its employees every two weeks or twice a month. And the employer has to know every two weeks or twice a month under what State's law should that employee be paid. And if the employee is covered by the State in which the overtime was worked, there's no question of which State's law applies. But if the employer has to then go back and figure out over the entire tenure of this relationship whether 50 percent of the work was in California or whether it ends up being that 50 percent was in Colorado, the employer couldn't know in any given work week whether to pay the employee under California or Colorado's law. Let me ask you this about your second cause of action, that is to say the unfair competition law. You stated, and I know that this is in the abstract an accurate statement of California law on unfair competition, that the only remedy is restitution. What does restitution mean here? The measure of restitution here ends up being very close to damages. It means the amount of the unpaid overtime wages. And why is that restitution rather than damages? Restitution usually means something other than damages. Why are they more or less the same thing here? It's only the same thing because the calculation of restitution will end up equaling the same calculation if you do a damages calculation. There's California case law on point. It's not cited in this brief because it wasn't an issue in this appeal. But there's already a California case law on point that specifically addresses the idea that restitution for overtime wages will equal the damages calculation for overtime wages. We certainly could not recover additional penalties that the Federal law might provide for because you can't, in a restitution calculation, make those penalties turn into restitution. It's not money that's been taken from you. Is there an attorney's fees provision that goes along with the unfair competition law? There's not. There is not. No. So there's a lot of additional remedies an employee can recover under Federal law that he simply can't recover under his UCL. And so how much money are we talking about roughly if that one year were added on? I guess you've got a class action that you're hoping to bring. Yeah. It's a class action. So it will involve an additional year or 25 percent of the claim for a lot of these people. And about how many people are in the class as you would like the class to be? Well, there's several hundred. Okay. It's not an insignificant amount of time or money. Okay. Any further questions from the bench? Thank you very much. Thank you, Your Honor. Thank you. I thank both sides for their argument. The case of Selim v. Oracle Corporation is now submitted for decision.
judges: Fletcher, Gould, Pollak